**IN THE COURT OF APPEALS AT NASHVILLE**

**FILED**

August 2, 1999

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

ALEXANDER & ASSOCIATES, INC.      )    C/A No. 01A01-9812-CV-00618
                                )    DAVIDSON CIRCUIT
       Plaintiff-Appellant         )    No. 97C-4052
                                )
                                )
       v.                            )
                                )
DEBRA BOND-OWENS             )
                                )
       Defendant-Appellee        )

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY

THE HONORABLE THOMAS W. BROTHERS, JUDGE

Cyrus L. Booker
BOOKER, BAUGH & GRANT, P.C.
315 Deaderick Street
Nashville, TN 37238-1280

      Attorney for Plaintiff-Appellant

Frank G. Abernathy
1719 West End Avenue, Suite 600-E
Nashville, TN 37203

      Attorney for Defendant-Appellee

VACATED AND REMANDED

              **Houston M. Goddard, Presiding Judge**

CONCUR:

FRANKS, J.
CAIN, J.

Goddard, P.J.

This is a suit initiated in the General Sessions Court for Davidson County by Alexander & Associates, Inc., an insurance agency, seeking to recover from Debra Bond-Owens, its former employee, reimbursement for payments made to her which it contends were "unearned advanced salary in the amount of $5701.37, plus interest."

The case was dismissed by the Judge of the General Sessions Court and appealed to the Circuit Court. Both parties moved for summary judgment and the Trial Court overruled Associates' motion and granted Mrs. Bond-Owens'.

The definitive case of Byrd v. Hall, 847 S.W.2d 208 (Tenn.1993), addresses the requirements necessary to sustain a summary judgment, as well as the light in which our appellate court must view the evidence presented (at page 214):

> Rule 56 comes into play only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Thus, the issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial.
>
>     . . . .

In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts in this state have indicated that the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. (Citations omitted.)

The relationship between the parties began on August 27, 1996, when Victor W. Alexander, Sr., President of Associates, wrote Ms. Bond-Owens making her an offer to become an employee of the corporation. Also enclosed in this letter was what Mr. Alexander termed an "understanding of association." The letter pointed out that the understanding "is non-binding, if acceptable it will be used to draft a contract between our firm and yourself." Both the letter and the compensation feature of the understanding are made an appendix to this opinion.

It is unclear when Ms. Bond-Owens began working for Associates, but a transaction report shows the following payments were made, which includes earned commissions for November and December.

```
                        Transaction Report
                       9/1/96 Through 2/24/97

     A&A-OPERATING
     2/24/97

     Date        Num        Description        Clr Amount

     9/20/96     2449       DEBRA BOND-OWENS    x - 1,500.00
     10/21/96    2489       DEBRA BOND-OWENS    x - 1,500.00
     11/20/96    2525       DEBRA BOND-OWENS    x - 1,615.31
     12/20/96    2563       DEBRA BOND-OWENS    x - 1,816.68
                                               ----------
                 TOTAL 9/1/96 - 2/24/97         - 6,431.99
```

It is also unclear why the relationship terminated, but in any event Ms. Bond-Owens received $5701.30 more than she earned in commissions.

We recognize that the cover letter as to the understanding executed by Ms. Bond-Owens specifically says that it is non-binding and it is contemplated that a more formal agreement would be executed.

Nevertheless, we are of the opinion that a reasonable inference may be drawn that the provision embodied in the understanding was the agreement of the parties relative to compensation. We think it highly unlikely that Ms. Bond-Owens would have expressed an agreement with the contents of the instrument by signing it had her understanding been otherwise. Indeed, in an employment contract, insofar as the employee is concerned, compensation is one of the most--if not the most-- important feature of the contract.

4

In reaching this conclusion we recognize that Ms. Bond-Owens, in her affidavit and in a partial transcript from the evidence introduced in the General Sessions Court, denies that she ever "agreed or intended to agree to enter into any written employment agreement which unearned advances were owed Alexander & Associates, Inc., or were to be repaid to Alexander & Associates." We do not believe either the affidavit or the testimony from the General Sessions Court dissipates the inference to be drawn from her signing the understanding.

In light of the foregoing we conclude that summary judgment was improperly granted to Ms. Bond-Owens and the judgment granting such is vacated and the cause remanded for further proceedings consistent with this opinion. Costs of appeal are adjudged against Ms. Bond-Owens.

        _____
        Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
William B. Cain, J.